UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-14063-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LATRISHA HUNT,

    Defendant.
_____/

FILED by _____ D.C.

SEP 11 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 07-1436]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher and this Court having reviewed the voucher, the submissions in support thereof by Monique A. Brochu, as attorney for the Defendant Hunt, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1.    The maximum amount permissible under the statute, 18 USC §3006A, is $7,000.00 in attorney's fees. Counsel for the Defendant seeks reimbursement of $13,080.60 as reasonable attorney's fees at the hourly rate provided for which in this case is $94.00 an hour for 7.0 hours of in-court time and $100.00 an hour for 6.20 hours in-court time. The voucher also seeks reimbursement of 52.90 hours at the rate of $94.00 an hour and 68.30 hours at the rate of $100.00 an hour for out-of-court time. This Court notes that during the pendency of this action the hourly rate for CJA attorneys was increased.

2.    This Court has reviewed the voucher as well as the attachments submitted by Ms. Brochu. This Court has also reviewed the docket sheet in this case concerning all events that took place by way of a motion and/or a court appearance. This Court has also reviewed the corrections made by the CJA Voucher Administrator and accepts those as being accurate. The adjusted amounts sought in the voucher as corrected by the CJA

Voucher Administrator reflects a request for attorney's fees in the amount of $13,061.80, $1,330.87 for reimbursement of travel expenses, and $54.40 as reimbursement for costs expended for copies and postage. This brings the total sought by Ms. Brochu to be $14,447.07.

3. It is not necessary for this Court to hold an evidentiary hearing in this type of a matter under the CJA. These have been found to be administrative decisions as opposed to an adversarial proceeding. The parties are directed to United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). This Court conducted many of the pretrial proceedings in this case as well as a Suppression Hearing on the Defendants' Motions to Suppress and Amended Motions to Suppress. At the conclusion of the evidentiary hearing, this Court issued its Report and Recommendation, recommending that those motions be denied. Therefore, this Court is familiar with the charges in this case and the factual basis for those charges based upon its involvement in the Defendant's initial appearance, detention hearing and arraignment.

4. Pursuant to 18 USC §3006A(d)(3), the maximum amounts provided for under the statute may be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex." Extended is defined in the case law as a case requiring more time than the normal case. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

5. This was not a complex case. The underlying facts charged possession with intent to distribute narcotics and conspiracy to distribute narcotics. The underlying facts of the case were that information was received from a confidential source that there were narcotics in the residence occupied by the Defendant and a co-defendant. A search warrant

was executed on that residence and narcotics were found therein. This was not a complicated nor complex case.

7. This Court cannot find that the matter was extended either. The case was resolved by entry of a guilty plea before Judge Graham. From the Defendant's initial appearance before this Court in August 2007 through sentencing in May of 2008, there was not an extended period of time during which this case was pending.

8. As this Court states in all of its Reports and Recommendations in respect to CJA vouchers, the Court appreciates the willingness of competent criminal attorneys to participate in and be available for CJA appointments in this Division of the Court.

9. This Court has stated on numerous occasions in the past decisions rendered by District Judges in this Court wherein a case was found to be "extended" and/or "complex." This Court directs the parties to United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). The Bridges case defines "extended" as a case involving more time than is reasonably required for the total processing of the average case, including pretrial and post-trial hearings. This case before the Court involving the Defendant Hunt cannot be said to be unusual in any way. In fact, it is an extremely average case which appeared before this Court both in the nature of the charges, the time that the matter is pending and the disposition by entry of a guilty plea. Further, Bridges defines "complex" as a case involving legal or factual issues which are so unusual that they require the expenditure of more time, skill and effort than would normally be required in the average case. Once again, based upon this Court's knowledge of this case involving the Defendant Hunt, it is an average case and there is nothing unusual in the facts or law applicable to the Defendant Hunt's situation which would justify this Court finding it to be "complex."

3

10. As a result of the foregoing, this Court is limited to the $7,000.00 attorney's fees maximum under the statute. In respect to the costs alleged for the copies and the travel expenses, those appear to be legitimately incurred and compensable expenses due for reimbursement in respect to mileage, postage and copies. Those should be awarded separately from any attorney's fees.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 07-1436 be **GRANTED** only insofar as Ms. Brochu shall be awarded the sum of $7,000.00 as attorney's fees and the sum of $1,330.87 for travel reimbursement, and $54.40 for other costs, for a total sum of $8,385.27.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 11TH day of September, 2008, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
Monique A. Brochu, Esq.
Lucy Lara, CJA/Case Administrator